## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TURF DESIGN, INC.** | : |
| 41 Prairie Parkway | : **CIVIL ACTION** |
| Gilberts, IL 60136 | : |
| *Plaintiff* | : Case No. _____ |
| | : |
| v. | : **JURY TRIAL DEMANDED** |
| | : |
| **ACOUFELT, LLC** | : |
| 2650 N. Opdyke Rd. | : |
| Suite A | : |
| Auburn Hills, MI 48326 | : |
| *Defendant* | : |
| | : |
| | : |

## COMPLAINT

Plaintiff, Turf Design, Inc. ("Turf" or "Plaintiff"), by and through its counsel, hereby files this Complaint for patent infringement against Defendant, Acoufelt, LLC ("Acoufelt" or "Defendant").

## PARTIES

1.      Plaintiff is a corporation existing under the laws of the State of Illinois, with its principal place of business located at 41 Prairie Parkway, Gilberts, IL 60136.

2.      Defendant, upon information and belief, is a corporation under the laws of the State of Michigan, with its principal place of business located at 2605 N. Opdyke Rd., Suite A, Auburn Hills, MI 48326. Defendant is regularly conducting

sales activities and otherwise doing business in this Judicial District. Further, Defendant is manufacturing, offering for sale, and/or selling the infringing products at issue in this matter in this Judicial District.

**JURISDICTION AND VENUE**

3. This action arises under the Patent Laws of the United States, specifically Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Defendant resides in and has a regular and established place of business in this Judicial District, at least due to the presence of its principal place of business located at 2605 N. Opdyke Rd., Suite A, Auburn Hills, MI 48326.

6. This Court has personal jurisdiction over Defendant because Defendant has transacted business and otherwise conducted sales activities in this District, has a regular and established place of business in this District, and has committed, contributed to, and induced acts of patent infringement in this District.

**FACTS**

7. Turf owns a portfolio of patents covering ceiling systems, including United States Patent No. 11,199,004 (hereinafter "the '004 Patent"), United States

Patent No. 11,834,827 (hereinafter "the '827 Patent"), and United States Patent No. 11,933,045 (hereinafter "the '045 Patent").

8.    On December 14, 2021, the USPTO duly and legally issued the '004 Patent, entitled "Apparatus And System For Dynamic Acoustic Drop Ceiling System And Methods Thereof." A copy of the '004 Patent is attached hereto as Exhibit A.

9.    Turf owns all right, title, and interest in and to the '004 Patent.

10.    On December 5, 2023, the USPTO duly and legally issued the '827 Patent, entitled "Apparatus And System For Dynamic Acoustic Drop Ceiling System And Methods Thereof." A copy of the '827 Patent is attached hereto as Exhibit B.

11.    Turf owns all right, title, and interest in and to the '827 Patent.[1]

12.    On March 19, 2024, the USPTO duly and legally issued the '045 Patent, entitled "Ceiling System." A copy of the '045 Patent is attached hereto as Exhibit D.

13.    Turf owns all right, title, and interest in and to the '045 Patent.

14.    Turf is in the business of designing, developing, manufacturing, and selling ceiling products and systems, including those that are the subject of the '004

---

[1] While the face of the '827 Patent lists AWI Licensing LLC as the Assignee thereof, Turf is and has always been the owner of the entire, right, title, and interest thereto. The listing of AWI Licensing LLC as the Assignee on the face of the '827 Patent was the result of an administrative error during completion of the issue fee transmittal form. This error has been corrected by the filing of a petition under 37 C.F.R. § 3.81, which has been granted by the United States Patent & Trademark Office ("USPTO"). A copy of the USPTO Petition Grant Letter is attached hereto as Exhibit C.

Patent, the '827 Patent, and the '045 Patent. Turf has invested substantial resources in developing its ceiling products and systems and in protecting its intellectual property rights in the same.

15.     Acoufelt manufactures and sells ceiling products and systems in direct competition with Turf, including selling, offering for sale, and/or importing into this Judicial District, and elsewhere within the United States, a line of ceiling systems sold under Acoufelt's SoftenUp brand that infringe the '004 Patent, the '827 Patent, and the '045 Patent (hereinafter "the Infringing Products"). Acoufelt lists Infringing Products for sale on its website at https://www.acoufelt.com/product/ceiling/frames/softenup/plateau/, a copy of which is attached hereto as Exhibit E.

16.     Acoufelt has not obtained a license under the '004 Patent, the '827 Patent, or the '045 Patent and is not authorized or permitted to market, manufacture, use, perform, offer for sale, or sell any of the inventions claimed in the '004 Patent, the '827 Patent, and/or the '045 Patent.

17.     Upon information and belief, Acoufelt currently employs, or recently has employed, Kuan Wen Chiu, Jiwon Han, and Andrew Raffel, all of whom were formerly employed by Turf as design managers.  As design managers at Turf, each of Kuan Wen Chiu, Jiwon Han, and Andrew Raffel had detailed knowledge of Turf's patents and patented products.  Upon information and belief, after leaving Turf, each

of Kuan Wen Chiu, Jiwon Han, and Andrew Raffel assisted Acoufelt in developing and commercializing the Infringing Products despite knowing about Turf's pursuit of patent protection on the ceiling systems that are the subject of the '004 Patent, the '827 Patent, and the '045 Patent and knowing of the importance that Turf places on its intellectual property rights.

18.    Upon information and belief, Acoufelt's infringement of the '004 Patent, the '827 Patent, and the '045 Patent, and copying of the ceiling systems disclosed and claimed therein is  therefore knowing and willful.

19.    Further, Acoufelt's infringement of the '004 Patent, the '827 Patent, and the '045 Patent is knowing and willful for the additional reason that Turf has previously notified Acoufelt of the '004 Patent, the '827 Patent, and the '045 Patent and the specific infringement of the same by the Infringing Products.  Specifically, Turf sent Acoufelt a notice letter on May 8, 2023 (hereinafter the "'004 Notice Letter") providing Acoufelt with notice of the '004 Patent and Acoufelt's specific infringement of the '004 Patent.  A copy of the '004 Notice Letter is attached hereto as Exhibit F.  Additionally, on December 21, 2023, Turf sent Acoufelt another notice letter, by way of its parent company, Armstrong World Industries, Inc., (hereinafter the "'827 Notice Letter") providing Acoufelt with notice of the '827 Patent and Acoufelt's specific infringement of the '827 Patent.  A copy of the '827 Notice Letter is attached hereto as Exhibit G.  Finally, on March 19, 2024, Turf sent Acoufelt

another notice letter, by way of its parent company, Armstrong World Industries, Inc., (hereinafter the "'045 Notice Letter") providing Acoufelt with notice of the '045 Patent and Acoufelt's specific infringement of the '045 Patent. A copy of the '045 Notice Letter is attached hereto as Exhibit H. Notwithstanding the '004 Notice Letter, the '827 Notice Letter, and the '045 Notice Letter, Acoufelt continues to manufacture and sell products that infringe the '004 Patent, the '827 Patent, and the '045 Patent, including the Infringing Products.

**COUNT I**
**DIRECT INFRINGEMENT OF US PATENT NO. 11,199,004**

20.    The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

21.    Upon information and belief, Acoufelt makes, uses, advertises, offers for sale, and sells the Infringing Products, which infringe at least Claim 1 of the '004 Patent. *See* the '004 Claim Chart attached hereto at Exhibit I, which provides a detailed exemplary non-limiting demonstration of how the Infringing Products infringe the '004 Patent.

22.    Through the manufacture, use, sale, offer for sale, and/or importation of the Infringing Products in this Judicial District, and elsewhere within the United States, Acoufelt has directly infringed the '004 Patent under 35 U.S.C. § 271 (a) and will continue to do so unless enjoined by this Court.

23.     As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

24.     Acoufelt has willfully infringed and is willfully infringing the '004 Patent.

25.      This case is "exceptional" under 35 U.S.C. § 285.

26.     Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '004 Patent.

27.     Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

28.     Upon information and belief, Acoufelt will continue to infringe the '004 Patent unless enjoined by this Court.

**COUNT II**
**INDUCED INFRINGEMENT OF THE '004 PATENT**

29.     The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

30.     Acoufelt has induced and continues to induce the direct infringement of the '004 Patent by its customers, installers, and suppliers by, among other activities: (1) advising, encouraging, and intending for its customers to assemble and/or use the Infringing Products in such a manner as to infringe the '004 Patent; and (2) advising, encouraging, and intending for its suppliers to import into and/or manufacture the Infringing Products in the United States, which infringes the '004

Patent, as shown in Acoufelt's specification sheet for the Infringing Products. *See* Acoufelt's Specification Sheet, attached hereto as Exhibit J.

31.   Acoufelt has had knowledge of the '004 Patent since at least as early as May 8, 2023 and, upon information and belief, was aware of the '004 Patent shortly after it issued on December 14, 2021.

32.   By continuing the aforesaid acts, Acoufelt has the specific intent to induce the infringement of the '004 Patent and is therefore liable under 35 U.S.C. § 271(b).

33.   As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

34.   Acoufelt has willfully infringed and is willfully infringing the '004 Patent.

35.   This case is "exceptional" under 35 U.S.C. § 285.

36.   Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '004 Patent.

37.   Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

38.   Upon information and belief, Acoufelt will continue to infringe the '004 Patent unless enjoined by this Court.

**COUNT III**
**CONTRIBUTORY INFRINGEMENT OF THE '004 PATENT**

8

39.     The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

40.     Acoufelt has contributed, and continues to contribute, to the direct infringement of the '004 Patent by its customers and/or installers by, among other activities, offering to sell or by selling within the United States the Infringing Products, knowing that the Infringing Products are especially made or adapted for use in infringing the '004 Patent.

41.     The Infringing Products, including its components, are not staple articles or commodities of commerce suitable for substantial noninfringing use. The Infringing Products, and components thereof, have no substantial noninfringing uses because they cannot be used, in any practical sense, for purposes other than causing and/or contributing to the infringement of the '004 Patent.

42.     Acoufelt has had knowledge of the '004 Patent since at least as early as May 8, 2023 and, upon information and belief, was aware of the '004 Patent shortly after it issued on December 14, 2021.

43.     By continuing the aforesaid acts, Acoufelt has the specific intent to contribute to the infringement of the '004 Patent and is therefore liable under 35 U.S.C. § 271(c).

44.     As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

45.    Acoufelt has willfully infringed and is willfully infringing the '004 Patent.

46.    This case is "exceptional" under 35 U.S.C. § 285.

47.    Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '004 Patent.

48.    Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

49.    Upon information and belief, Acoufelt will continue to infringe the '004 Patent unless enjoined by this Court.

## COUNT IV
## DIRECT INFRINGEMENT OF US PATENT NO. 11,834,827

50.    The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

51.    Upon information and belief, the Defendant makes, uses, advertises, offers for sale, and sells the Infringing Products, which infringe at least Claim 11 of the '827 Patent. *See* the '827 Claim Chart attached hereto at Exhibit K, which provides a detailed exemplary non-limiting demonstration of how the Infringing Products infringe the '827 Patent.

52.    Through the manufacture, use, sale, offer for sale, and/or importation of the Infringing Products in this Judicial District, and elsewhere within the United

States, Acoufelt has directly infringed the '827 Patent under 35 U.S.C. § 271 (a) and will continue to do so unless enjoined by this Court.

53.    As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

54.    Acoufelt has willfully infringed and is willfully infringing the '827 Patent.

55.    This case is "exceptional" under 35 U.S.C. § 285.

56.    Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '827 Patent.

57.    Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

58.    Upon information and belief, Acoufelt will continue to infringe the '827 Patent unless enjoined by this Court.

**COUNT V**
**INDUCED INFRINGEMENT OF THE '827 PATENT**

59.    The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

60.    Acoufelt has induced and continues to induce the direct infringement of the '827 Patent by its customers and suppliers by, among other activities: (1) advising, encouraging, and intending for its customers, installers, and/or suppliers, to assemble and/or use the Infringing Products in such a manner as to infringe the

'827 Patent; and (2) advising, encouraging, and intending for its suppliers to import into and/or manufacture the Infringing Products in the United States, which infringes the '827 Patent, as shown in Acoufelt's specification sheet for the Infringing Products. *See* Acoufelt's Specification Sheet, attached hereto as Exhibit J.

61.    Acoufelt has had knowledge of the '827 Patent since at least as early as December 21, 2023 and, upon information and belief, was aware of the '827 Patent shortly after it issued on December 5, 2023.

62.    By continuing the aforesaid acts, Acoufelt has the specific intent to induce the infringement of the '827 Patent and is therefore liable under 35 U.S.C. § 271(b).

63.    As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

64.    Acoufelt has willfully infringed and is willfully infringing the '827 Patent.

65.    This case is "exceptional" under 35 U.S.C. § 285.

66.    Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '827 Patent.

67.    Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

68.     Upon information and belief, Acoufelt will continue to infringe the '827 Patent unless enjoined by this Court.

**COUNT VI**
**CONTRIBUTORY INFRINGEMENT OF THE '827 PATENT**

69.     The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

70.     Acoufelt has contributed, and continues to contribute, to the direct infringement of the '827 Patent by its customers and/or installers by, among other activities, offering to sell or by selling within the United States the Infringing Products, knowing that the Infringing Products are especially made or adapted for use in infringing the '827 Patent.

71.     The Infringing Products, including its components, are not staple articles or commodities of commerce suitable for substantial noninfringing use. The Infringing Products, and components thereof, have no substantial noninfringing uses because they cannot be used, in any practical sense, for purposes other than causing and/or contributing to the infringement of the '827 Patent.

72.     Acoufelt has had knowledge of the '827 Patent since at least as early as December 21, 2023 and, upon information and belief, was aware of the '827 Patent shortly after it issued on December 5, 2023.

73.   By continuing the aforesaid acts, Acoufelt has the specific intent to contribute to the infringement of the '827 Patent and is therefore liable under 35 U.S.C. § 271(c).

74.   As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

75.   Acoufelt has willfully infringed and is willfully infringing the '827 Patent.

76.   This case is "exceptional" under 35 U.S.C. § 285.

77.   Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '827 Patent.

78.   Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

79.   Upon information and belief, Acoufelt will continue to infringe the '827 Patent unless enjoined by this Court.

## COUNT VII
## DIRECT INFRINGEMENT OF US PATENT NO. 11,933,045

80.   The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

81.   Upon information and belief, the Defendant makes, uses, advertises, offers for sale, and sells the Infringing Products, which infringe at least Claim 19 of the '045 Patent. *See* the '045 Claim Chart attached hereto at Exhibit L, which

provides a detailed exemplary non-limiting demonstration of how the Infringing Products infringe the '045 Patent.

82.     Through the manufacture, use, sale, offer for sale, and/or importation of the Infringing Products in this Judicial District, and elsewhere within the United States, Acoufelt has directly infringed the '045 Patent under 35 U.S.C. § 271 (a) and will continue to do so unless enjoined by this Court.

83.     As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

84.     Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '045 Patent.

85.     Acoufelt has willfully infringed and is willfully infringing the '045 Patent.

86.     This case is "exceptional" under 35 U.S.C. § 285.

87.     Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

88.     Upon information and belief, Acoufelt will continue to infringe the '045 Patent unless enjoined by this Court.

## COUNT VIII
## INDUCED INFRINGEMENT OF THE '045 PATENT

89.     The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

90.    Acoufelt has induced and continues to induce the direct infringement of the '045 Patent by its customers and suppliers by, among other activities: (1) advising, encouraging, and intending for its customers, installers, and/or suppliers to assemble and/or use the Infringing Products in such a manner as to infringe the '045 Patent; and (2) advising, encouraging, and intending for its suppliers to import into and/or manufacture the Infringing Products in the United States, which infringes the '045 Patent, as shown in Acoufelt's specification sheet for the Infringing Products. *See* Acoufelt's Specification Sheet, attached hereto as Exhibit J.

91.    Acoufelt has had knowledge of the '045 Patent since at least as early as March 19, 2024.

92.    By continuing the aforesaid acts, Acoufelt has the specific intent to induce the infringement of the '045 Patent and is therefore liable under 35 U.S.C. § 271(b).

93.    As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

94.    Acoufelt has willfully infringed and is willfully infringing the '045 Patent.

95.    This case is "exceptional" under 35 U.S.C. § 285.

96.    Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '045 Patent.

97.     Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

98.     Upon information and belief, Acoufelt will continue to infringe the '045 Patent unless enjoined by this Court.

## COUNT IX
## CONTRIBUTORY INFRINGEMENT OF THE '045 PATENT

99.     The allegations of all of the foregoing paragraphs are incorporated as fully set forth.

100.    Acoufelt has contributed, and continues to contribute, to the direct infringement of the '045 Patent by its customers and/or installers by, among other activities, offering to sell or by selling within the United States the Infringing Products, knowing that the Infringing Products are especially made or adapted for use in infringing the '045 Patent.

101.    The Infringing Products, including its components, are not staple articles or commodities of commerce suitable for substantial noninfringing use. The Infringing Products, and components thereof, have no substantial noninfringing uses because they cannot be used, in any practical sense, for purposes other than causing and/or contributing to the infringement of the '045 Patent.

102.    Acoufelt has had knowledge of the '045 Patent since at least as early as March 19, 2024.

103.   By continuing the aforesaid acts, Acoufelt has the specific intent to contribute to the infringement of the '045 Patent and is therefore liable under 35 U.S.C. § 271(c).

104.   As a result of the aforesaid acts, Acoufelt has damaged, and is continuing to damage, Turf.

105.   Acoufelt has willfully infringed and is willfully infringing the '045 Patent.,

106.   This case is "exceptional" under 35 U.S.C. § 285.

107.   Turf has suffered monetary damages as a result of the infringing actions of Acoufelt with respect to the '045 Patent.

108.   Turf has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

109.   Upon information and belief, Acoufelt will continue to infringe the '045 Patent unless enjoined by this Court.

## **DAMAGES AND PERMANENT INJUNCTION**

110.   Acoufelt's infringement of one or more claims of each of the '004 Patent, the '827 Patent, and the '045 Patent has and will continue to damage Turf.

111.   Turf seeks an award of damages to compensate it for Acoufelt's infringement.

112.   In addition, Turf further seeks to permanently enjoin Acoufelt from infringing the '004 Patent, the '827 Patent, and the '045 Patent. Acoufelt's sale of the Infringing Products is damaging the market and Turf ability to commercialize the inventions of the '004 Patent, the '827 Patent, and the '045 Patent, including eroding the market and price for the inventions claimed in the '004 Patent, the '827 Patent, and the '045 Patent. Accordingly, if Acoufelt is not permanently enjoined, Turf will suffer irreparable harm in the form of lost market share, permanent price erosion, goodwill, harms, and losses for which there is no adequate remedy at law.

113.   Acoufelt's continued offer for sale and sale of the Infringing Products despite being expressly notified of Turf's patents supports a finding of willful infringement of the '004 Patent, the '827 Patent, and the '045 Patent.

114.   Additionally, Turf intends to seek discovery on the issue of whether Acoufelt's research and development of the Infringing Products incorporated or otherwise utilized Turf's proprietary information that may have been obtained through the former Turf designers of Kuan Wen Chiu, Jiwon Han, and Andrew Raffel, and/or otherwise.

115.   Turf also asks that this Court to: (1) treble the damages awarded by the jury; (2) declare this case "exceptional" and award Turf its reasonable attorneys' fees; and (3) grant Turf such other relief as is just and proper.

## **JURY DEMAND**

Turf hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## **PRAYER FOR RELIEF**

As a result of and in light of the foregoing, Turf respectfully requests that the Court find in its favor and against Acoufelt, and that the Court grant Turf the following relief:

(a)     A judgment in favor of Turf that Acoufelt has directly infringed the '004 Patent, the '827 Patent, and the '045 Patent, and that Acoufelt has indirectly infringed the '004 Patent, the '827 Patent, and the '045 Patent by way of inducing and/or contributing to the direct infringement by its customers;

(b)     A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Acoufelt and its officers, directors, agents, affiliates, employees, installers, branches, subsidiary and parent entities, and all others acting in active concert therewith, from infringing, inducing the infringement of, or contributing to the infringement of the '004 Patent, the '827 Patent, and the '045 Patent;

(c)     An award to Turf of damages adequate to compensate Turf for Acoufelt's acts of infringement, together with pre-judgment and post-judgment interest thereon;

(d)    A judgement that Acoufelt's acts of infringement of the '004 Patent, the '827 Patent, and the '045 Patent are willful along with a trebling of the compensatory damages awarded to Turf pursuant 35 U.S.C. § 284.

(e)    A declaration by this Court that this is an exceptional case and including an award to Turf of their reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285;

(f)    Any and all further relief that this Court deems just and proper.

Dated: March 20, 2024                DUANE MORRIS LLP

*/s/John R. Gibson*
Matthew C. Gaudet (GA: 287789)
mcgaudet@duanemorris.com
John R. Gibson (GA: 454507)
jrgibson@duanemorris.com
Duane Morris LLP
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309
Tel: (404) 253-6900
Fax: (404) 253-6901

Tyler Marandola (PA: 313585)
tmarandola@duanemorris.com
30 S. 17th Street
Duane Morris LLP
Philadelphia, PA 19103
Tel:  (215) 979-1000
Fax: (215) 979-1020

*Counsel for Plaintiff, Turf Design, Inc.*

JS 44 (Rev. 03/24)                          **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Turf Design, Inc. | Acoufelt, LLC |

| **(b)** County of Residence of First Listed Plaintiff   Kane County, IL | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Duane Morris LLP<br>1075 Peachtree St. NE<br>Atlanta, GA 30309 Tel: (404) 253-6900 | Attorneys *(If Known)* |
|---|---|

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*        Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[x] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. 271

Brief description of cause:
Infringement of U.S. Patent Nos. 11,199,004; 11,834,827; and 11,933,045

| **VII. REQUESTED IN COMPLAINT:** | [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:** [x] Yes   [ ] No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Mar 20, 2024 | /s/John R. Gibson |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.